UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| JEFERSON OMAR HERRERA MARTINEZ,<br>    Petitioner,<br><br>v.<br><br>PATRICIA HYDE; KRISTI NOEM; U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; MICHAEL NESSINGER<br>    Respondents. | C.A. No. 25-cv-575-JJM-AEM |

MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Chief Judge.

Before the Court is Jeferson Omar Herrera Martinez's petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. He seeks either immediate release from the custody of Immigration and Customs Enforcement ("ICE") or, in the alternative, a bond hearing before an Immigration Judge ("IJ"). The Government argues that Mr. Herrera Martinez's petition should be denied because he is statutorily ineligible for bond and because he has failed to exhaust his administrative remedies. ECF No. 5. For the reasons stated, the Court GRANTS Mr. Herrera Martinez's petition and ORDERS his immediate release.

I.     **FACTUAL BACKGROUND**

Mr. Herrera Martinez is a 22-year-old citizen of Guatemala who arrived in the United States as an unaccompanied minor in 2021. ECF No. 1 at 1, 9. He resides in Danbury, Connecticut with his mother and sisters. *Id.* at 9. On August 13, 2025, while meeting with a social worker in her office, ICE arrested Mr. Herrera Martinez and charged him with having entered the United States without admission or inspection. *Id.* at 2; ECF No. 5 at 3. He is now being held at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island. ECF No. 1 at 1.

II.    **DISCUSSION**

This case concerns the proper provision of the Immigration and Nationality Act ("INA") under which Mr. Herrera Martinez is being held. He contends that he is being held under 8 U.S.C. § 1226(a), the discretionary detention statute that entitles noncitizens to a bond hearing before an IJ. ECF No. 1 at 2-3. The Government counters that Mr. Herrera Martinez is being held under 8 U.S.C. § 1225(b)(2), which subjects noncitizens to mandatory detention and does not provide them with the right to a bond hearing. ECF No. 5 at 2. The former applies to noncitizens "already in the country pending the outcome of removal proceedings," *Jennings v. Rodriguez*, 583

U.S. 281, 289 (2018), whereas the latter applies to "applicants for admission" who are generally encountered "at the Nation's borders and ports of entry," *id.* at 287.[1]

The Government acknowledges that this Court, along with several others, have in recent weeks issued rulings finding that Section 1226(a) applies to individuals in Mr. Herrera Martinez's position—not Section 1225(b)(2). ECF No. 5 at 2 (citing *Astudillo v. Hyde*, No. 25-551-JJM-AEM, 2025 WL 3035083 (D.R.I. Oct. 30, 2025); *Tomas Elias v. Hyde*, No. 25-cv-540-JJM-AEM, 2025 WL 3004437 (D.R.I. Oct. 27, 2025); *Rodriguez v. Nessinger*, No. 25-cv-505-MSM-AEM, 2025 U.S. Dist. LEXIS 204998 (D.R.I. Oct. 17, 2025); *Doe v. Moniz*, No. 1:25-cv-12094-IT, 2025 WL 2576819 (D. Mass. Sept. 5, 2025); *Elias Escobar v. Hyde*, No. 1:25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025)). The Government states that, "in the interest of judicial economy, and to expedite the Court's consideration of this matter," it will rely on the same legal arguments presented in those prior cases. *Id.* at 2. It further concedes that, "if the Court applies the same reasoning the courts did in the above-cited cases to this one, the legal principles espoused in those cases would likely warrant the same result in this case." *Id.*

The Court finds the reasoning in the above-cited cases do warrant the same conclusion here: because Mr. Herrera Martinez is "already in the country pending the outcome of removal proceedings," he is being detained under Section 1226(a)—not

---

[1] The Government argues that *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), found otherwise. ECF No. 5 at 3. However, this Board of Immigration Appeals decision "is not binding and this court 'must exercise independent judgment in determining the meaning of statutory provisions.'" *Elias Escobar*, 2025 WL 2823324, at *3 (quoting *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 394 (2024)).

Section 1225(b)(2). In addition, like this Court explained in *Tomas Elias* and *Astudillo*, exhaustion is not required here because: (1) Mr. Herrera Martinez faces severe irreparable harm if his detention continues without clear reason; and (2) the Immigration Court and the BIA are unable to adjudicate the constitutionality of his detention. 2025 WL 3004437, at *3; 2025 WL 3035083, at *3. As such, the Court finds that Mr. Herrera Martinez is constitutionally entitled to a bond hearing. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021). Because the Government has not put forth any evidence to suggest that Mr. Herrera Martinez poses a flight risk or is a danger to the community, the Court finds that his immediate release is appropriate. *See Tomas Elias*, 2025 WL 3004437, at *5; *see also Tejada Polanco v. Hyde*, Nos. 25-cv-552-JJM-AEM, 25-cv-561-JJM-AEM, 2025 WL 3033926, at *2 (D.R.I. Oct. 30, 2025). In the interest of judicial economy and to expedite this matter, the Court need say no more.

### III.  CONCLUSION

Accordingly, the Court GRANTS Mr. Herrera Martinez's habeas petition. ECF No. 1. The Government is ORDERED to provide Jeferson Omar Herrera Martinez with a bond hearing before an IJ under 8 U.S.C. § 1226(a) within ten days of the date of this order. The Court further ORDERS the Government to release Jeferson Omar Herrera Martinez immediately pending the bond hearing. The Government shall set minimal release conditions that will reasonably assure his appearances at the bond hearing. Finally, the Court ORDERS the Government to file a status report within

five days of Mr. Herrera Martinez's bond hearing, stating whether he has been granted bond and, if his request for bond was denied, the reason for that denial.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

November 7, 2025